Peck, Judge.
The following points, material to be noticed, arise in this cause. Were the deeds of conveyance from the sheriff of Hawkins county, to Richard Mitchell, admissible in evidence on this probate:
‘‘State of Tennessee, Hiuvkins county, May Sessions, 1S'30; then this deed of conveyance was acknowledged in open court, and ordered lobe registered.”
The land had been sold in two parcels, one tract the 2,5th day of May, 1820, the other 25th day November, 1822. Suit on the title ,wa$ brought, 13th September, 1823, and on this- the question was raised, whether or not the statute of limitations of 1819, eh. 23, opposes a harrier to the recovery of the lessors of the plaintiffs, who purport to he the vendors of the elder Mitchell, *401 the purchaser at sheriff’s sale, for one or both of these tracts. The sheriff’s return to the sale in 1822, recites thus: “sold the within described tract of land, subject to a deed of (rust to Richard Mitchell, at &c. on the &c.” for the sum of §200, to Richard Mitchell.” And on this recital of the deed of trust, it is submitted, whether the said Mitchell, for the tract so last sold, incumbered as it was with a deed of trust, acquired any title. Lastly, it was argued, that inasmuch as Lipe was in possession, holding for himself (and such was the proof,) at the time the elder Mitchell conveyed to his sons, the plain tiff’s, and because Mitchell was not in possession, that the conveyance was an act of champerty, under the act of 1821, ch. 66, and that this act under theproof^ made void the deeds to the sons.
The cause has been earnestly and ably argued. The questions made on the statutes of limitatation and chum-, periy arc new, and though the court has no doubt on the points submitted, yet they must crave some indulgence for tbe hasty manner in which they are compelled to give their opinion.
On the first point, all are of opinion, that (he certificate of acknowledgment is defective; the transaction is on the back of the deed, given historically, and does not show who acknowledged the same. The minutes of the court should describe the deed, and specify the person acknowledging or proving, and a certificate copy from the minutes, should be indorsed and attested by the clerk.
As to the next question raised, the statute of limitations; seven years had run between the time of the sale of the first sold tract, and the time this action was commenced. The proof is positive, that Lipe was in possession all the time, holding for himself and not for another. Our act of 1819, limits the bringing of the action. The 1st section specifies the time within which the suit shall be brought; and then, the 2d section in its terms, takes away the right to sue. “No person shall have, sue or maintain any action or suit, either at law or *402 in equity, for any lands, &c. but within seven years next after his right accrued.” But it is said, that Lipe was quasi the tenant of the purchaser, holding over as lie did, (he purchase of Mitchell. Answer; if such a presumption of law could arise, that presumption is rebutted by the positive proof, that he held for himself and not for another. And in this State, where a law of redemption exists, the presumption is, that if a purchaser lets the defendant in execution remain in possession for seven years, that such defendant has ledeercv-d, and is remitted to his former estate. Nay, holding as Lipe did for seven years, having had the legal title in him when the sale was made, for the sheriff could sell no othcr} lapse of time, possession against all persons, and the silence of the purchaser, make the act of 1819 operative, and again gives to the holder the legal title, because the title must be somewhere. Mitchell has no title that he can use in a suit: for the act says he can bring none. The intermediate existing title is stricken away by the statute, and the possessor is protected. This applies to the land first purchased.
Touching the title acquired by the second purchase; does the recital on the sheriff’s return, that the land is incumbered by a deed of trust, given to Mitchell, defeat the sale? Theexeeulion could operate only on a legal title. Lipe, at the time of the sale, had only an equity, and Mitchell not only knew the fact, but the law supposes, held it in terrorem on the day of sale. No stronger reason could be given for not extending by liberality of construction, the statutes authorizing sales of real estate to equities, than that which arises in this. To allow jt, would be to permit the mortgagor to have the estate on his own terms; for who but.himself would purchase the Incumbrance; and perhaps in every case he would get it for less than the expense of a foreclosure.
But it is said, this recital in the return, is an act of the sheriff beyond his duty, and that the fact of the return relating to the deed of trust, is null. To this we answer, the return of the sheriff has been used in evi- *403 dcnce by the plaintiff, in the court below; it therefore must all be taken together; it is a link in the chain of ti-tie, and we may examine each link to see if any one be defective. And this we find fatal to the title for this tract. The sheriff, no doubt, felt himself bound to state in his return, the terms used in the sale, to wit, that the ' land was sold, subject to the deed of trust.
The remaining question is, is there from the evidence, champerty in this transaction, under the act of 1821? The proof is, that Lipe was in possession of the estate holding for himself against Mitchell and all others. Mitchell is out of possession; the transaction is brought by the proof, within the very words of the act; but though the Mitchells have an opportunity given them of validating the transaction, by showing the sale a bona fide one, have they done so? It does not appear from this record that they have. It is however insisted, that the cham-perty, if it exists, can only be reached in one of two ways; by a bill in equity, or by interrogatories. The part of the act under consideration, does not necessarily require cither of the above specified modes to be pursued, touching a deed made under the circumstances given in evidence.
The act declares the deed void, if made for lands. It says, “and if any person shall sell any lands and tenements, not having possession thereof, by himself, agent, or tenant, and which land is adversely held under color of title; in such case, champerty shall be presumed, until such purchaser shall show, that such sale was bona fide made.” Proof of the facts touching the possession having been adversely held, nullified the deed. It was the duty of the court to have instructed the jury, that if they credited the proof, the deeds from the elder to the younger Mitchells were void for champerty.
The points herein discussed, having been by the circuit judge ruled against the defendant, Lipe, woare of opinion, error has intervened to his prejudice. The cause must therefore bo reversed, and remanded to the *404 circuit Court of Hawkins count)', (o be there again tried, when the law will be administered consistent with this opinion*
Whyte, Judge.
This was an action of ejectment, brought by the lessee of the defendants in-error, to recover the possession of two tracts of land claimed by them, in the possession of the plaintiff in error, Daniel Lipe. A verdict was rendered in the circuit court in favor of the plaintiff below. Anew trial was there moved for and refused; judgment rendered according to verdict, and an appeal in error taken to this court.
A bill of exceptions taken on the trial shows, that many points were made in the defence below, and they arc now urged in argument in this court; two of which only will be noticed by me, as necessary to decide the cause.
One of these is, that the plaintiff below offered in evidence to prove his title to the lands in dispute, two deeds of conveyance, each being for a separate tracl, and both together covering th‘e whole of the land contended for. On the back of each conveyance was endorsed the following certificate of probate, to wit,
“Slate of Tennessee, Hawkins county, May Sessions, 1S23; then this deed of conveyance was acknowledged in open court, and ordered to be registered. Let it be registered. S. D. Mitchell, Clerk,
by W. B. Mitchell, his deputy.
The reading of each of these deeds of conveyance in evidence was respectively objected to by (he counsel, but the objections were overruled by the court, and exceptions taken thereto, which is now assigned for error.
My opinion upon this assignment of error is, that it is well taken, and that the certificate is insufficient, for this reason; because the matter and facts constituting the probate, are not set forth in the record of probate, so that it may appear thereby, that the case made out was pur. suant to the requsitions of the act of assembly authorizing and giving the court jurisdiction, which jurisdiction being a. special one, must therefore appear tm the face of *405 the proceeding itself. It most show that such proceeding was properly within it, and duly exercised by it.
The other point is, the plaihtiils below in the deraignment of their title, set forth, that they are purchasers from a purchaser under an execution sale of the land in question, which was sold as the properly of the defendant, Lipe; and it appears by the sheriff’s return on the execution, that he levied on the land, and it was sold by virtue of a judgment rendered against him, Lipe; that at the time of the levy and sale being made, Richard Mitchell laid a deed of trust for the land. Under the existence of this state of facts, what right or title is communicated to Richard Mitchell, the purchaser at the execution sale, as proceeding from Lipe? The owner of the hind, it is true, may be divested of his legal estate or interest therein, by virtue of a judicial proceeding, as effectual! y as by his own act or deed. This divestiture is generally called a statute conveyance, to complete which, the purchaser must show three requisites; 1st, a judgment; 2d, a levy and .-ale; and 3d, a deed. If either of these is wanting or defective, the statute conveyance is invalid. Have they by any thing in this record, been shown all to exist in this case? The first, a judgment against Lipe, has been shown, but the second, a levy and sale of the land, being at the time the property of Lipe, has not been shown. At the time of the levy and sale, the legal estate and interest which Lipe might have had before the existence of the deed of trust, was passed to and vested in Richard Mitchell by that deed of trust, and nothing was left in him, Lipe, tangible by an execution against him. Suppose he had an equitable interest left in him as mentioned in argument, which I will not stop to examine on the present question, an equitable interest as sucl:, is not the object o, or subject to an cxeution in this State. See Shute and Harder, in this court. Lipe had nothing in the land that an execution could operate upon; he had no legal interest therein, therefore under an execution against him, no interest was levied on and sold9 for none was in him, and so none *406 could pass from him to the purchaser, Richard Mitchell. This statute conveyance from Lipe to Mitchell is invalid, and passes no title; consequently none is communicated to (he |c350rs of the plaintiff.
J. A. M Kinney, for the plaintiffin error.
11. J. M'Kinney and Parsons, for defendants.
On the other points discussed in argument, I give no opinion at present, not being necessary, as those I have noticed decide the cause. I therefore concur with my brother Judge Peck, in the judgment to be rendered; that the judgment of the circuit court be reversed, the verdict set aside, and the cause remanded for a new trial to be had pursuant to the law as held in this opinion.
Catron, Judge, concurred.
Judgment reversed.